Cesar Pulido-Estrada, Jr. May it please the Court, Samuel Josephs for Appellant Cesar Pulido-Estrada. There are three reasons why the District Court's order should be reversed in this case. First, Mr. Pulido-Estrada was not removable as charged. Second, the 487d conviction is not a categorical theft defense. And third, the 487d conviction is not a theft defense under the modified categorical approach. As to the removable as charged issue, this Court recently held in Aguilera-Rios that questions of the time that the case was decided, current law. What that means here is that Mr. Pulido-Estrada was removed on the basis of the 487d conviction. If the 487d conviction is not a theft defense under current law, he was not deportable as charged and the removal order is therefore fundamentally unfair. The broader categorical issue, I think at this point both sides agree that 487d is not categorically a theft defense. The government concedes as much, even in its most recent filing, the motion for judicial notice. I think what the case really comes down to at this point is a dispute under the modified categorical approach. And unlike the cases that are cited by the government, United States v. Rivera, United States v. Luna Magdaleno, Mr. Pulido-Estrada was charged here with unlawfully taking an automobile under California Penal Code 487d. Both Luna Magdaleno and United States v. Rivera involved directly California Penal Code 484a, the general theft statute. And in those cases, the individuals were charged with the steal, take, and carry away provision, the first prong of 484a. That's not what Mr. Pulido-Estrada was charged with. He was charged with unlawfully taking an automobile, which comes directly from 487d. I was curious, and I don't think either side really addressed this in the brief, but to what extent, if at all, can the, or should the court consider the other counts of the information in assessing the first count, the 487d, meaning specifically count two, willfully and unlawfully drive and take a certain vehicle? Absolutely. Is the court asking to what extent the 10851 charge would inform the employees? Correct, correct. Your Honor, I don't think it's appropriate, and there's certainly no case law in any of the circuits, certainly not the Supreme Court or the Ninth Circuit, that the court can look to a different count to inform what the person, I guess, actually pled to for a different conviction, a different count. The reason for that, I think, is that the categorical approach, you're limited to the elements of the actual count that the person pled to. If we start getting into questions of, well, this other count has different elements or different facts that were alleged, and therefore that informs what the person pled to under the 487d count, then we're really getting into issues of what actually happened here, which the Supreme Court has made clear that we're not looking at the underlying facts. We're looking at the elements and what actually was charged and what the individual pled to. What about under the modified categorical approach? The same would hold true under the modified. The court has made clear that the modified approach is limited to determining what elements of that count that the person was charged with they pled to or they were convicted of. And this court's case law makes clear that 487d is categorically broader than the federal theft definition because it includes this without consent that somebody can plead to without the consent of the owner. Under the modified approach, we're still looking to see whether this person pled to anything in 487d that would rule out the without consent component that this court has held to be categorically overbroad. So I don't think there's any support whatsoever, and certainly the government has not made this argument, that you can look to an entirely different count to find out what actually happened. I think that would essentially run afoul to the categorical approach overall. Thank you. Counsel, when we try to analyze this categorical approach or modified, do we look at the law at the time of this event, which would have been, what, 1999 was the removal hearing, or can we look at post-removal hearing law? Yes, Your Honor, we look at post-removal law. Why? The reason for that is because this is a question of removability. And the cases Vidal-Mendoza and Lopez-Velasquez, when we're talking about issues of relief. But how can the I.J. have any knowledge of future law? This court in Aguilar-Rios, and we submitted a 28-J letter on this, recently essentially distinguished between questions of relief and questions of removal. Questions of relief, I think, is exactly what the court is talking about, which is we can't expect an I.J. after the removal. Immigration hearings are in two parts. There's the removal stage, and then there's the relief stage. We can't expect an I.J. after making a determination of removability to be clairvoyant about issues of eligibility for relief that the person would clearly not have been eligible for at the time. But what Aguilar-Rios talks about is when we're talking about questions of removability, we do look at it. The reason for that is that when somebody is charged in a 1326 case, they're being charged with having been removed from the United States and coming back into the United States, criminally being charged for that purpose. A question of removability, if the person was essentially removed in error, that determination, that legal error has now affected their ability to be charged criminally, and that person would have had the right to remain in the country. They would have actually been able to stay here had it not been for the error in the law. And so when it comes to questions of removability, the normal rules of statutory interpretation apply, which essentially say that under the Court's current law, that statute is what that statute – the interpretation of that statute is what the law has always meant. And Aguilar-Rios did a thorough job of distinguishing between those two different situations, a question of relief versus a question of removability. Well, now, I just found your 28J letter, and I also see there's a response by the U.S. attorney. What's your response to his response? Certainly, Your Honor. I think what the government essentially comes back with on the Aguilar-Rios case focuses on the question of divisibility and whether the statute is divisible or not. The parties did not thoroughly brief divisibility. Our position is that the Court need not decide divisibility, that it can essentially decide without – hold without deciding that the statute is divisible and that under the modified categorical approach, the documents do not support that this was a theft offense. If the Court feels that divisibility is an issue that needs to be decided in this case, I would ask the Court that we be allowed to supplementally brief that. The Court's recent decision on Friday in Rendon v. Holder, I think, also would go to that issue. But we don't think the Court needs to get into that. It certainly has been argued just essentially by way of footnotes in the briefs. It hasn't been thoroughly addressed. But the real issue is even under the modified categorical approach, even if we assume that the statute is divisible, this clearly shows – the documents in the record clearly show that this is not a theft offense. Explain to me why you take that position, because he pled guilty to willfully and unlawfully taking an automobile without the owner's consent. Tell me why that doesn't meet the elements. The last part that the Court just mentioned, without the owner's consent, is not what he pled guilty to. The charge in the information is that he willfully and unlawfully took an automobile. California courts have – that's a term of art. To unlawfully take in California law is a legal definition, it's a legal term. And the California courts have defined that legal term as covering all four theories of theft under California law, which includes larceny, larceny by trick, embezzlement, and false pretenses. It's the false pretenses which obviously goes outside the federal definition. And the reason for that, the reason why it's charged as unlawfully take is because that's a matter of California statute. California Penal Code 952 says that it's sufficient for the prosecutor to charge the statute in that way, that it's sufficient to charge theft as the person unlawfully took. And because California courts have determined that to unlawfully take covers all four theories, and because nothing in the underlying documents show that it was anything other than this general definition of theft under California law that can include the with-consent prong, the false pretense prong, it doesn't satisfy a theft offense under the modified categorical approach. And I think that's where this is really distinguished between – with the cases Luna-Magdaleno and Rivera, because that involved a different statute and specifically that prong of 484A that we don't see here. I'll say that my time is up, unless the court has other questions. Thank you, counsel. Your time has expired. We'll hear from the government. Thank you very much. Good morning. Good morning. May it please the court. Would you state your name for the record, please? Brian White for the United States. Thank you. As Mr. Joseph referenced, on Friday, as I'm sure your honors are aware, that this court issued a decision in Rendon v. Holder. It's a decision that I was made aware of late yesterday afternoon. In that case, it was an opinion by Judge Reinhart. The court held that California Penal Code Section 459 and 460B that it looks to, which is a burglary statute, or a perceived stolen property, I believe, regardless, is not divisible. Despite the fact – Is not – Is not a divisible statute. A divisible, okay. Despite the fact that the language in the statute is intent to commit grand or pettit larceny or a felony, the court held that it's not divisible because although the statute provides for a variety of means in the disjunctive for the defendant to commit the offense, the jury may not be unanimous as to those means in deciding whether the defendant is guilty. I raise this now, and I found out about it late last night, and I apologize for not informing the court about it sooner, because arguably, I don't want to concede anything because I haven't had enough time to really consider it, but arguably, it governs this case. But opposing counsel says he will concede for purposes of this case or this appeal that the statute is divisible, so we don't have to resolve that issue. Nevertheless, his argument is that this statute is not categorically an aggravated felony. What's your response to that argument? I mean, it's not under the modified categorical approach an aggravated felony. Right, and my response to that, Your Honor, is that despite that the defendant concedes that, if the court accepts the government's argument that unlawfully take as charged in the information at Excerpt of Record 88 ties to California Penal Code 484A, the larceny prong in 484A is steal, take, carry, leave, or drive away. The government submits that that is sufficient to show that the defendant was convicted of the larceny prong, which this court has held in Rivera and other cases, is a match for the general definition of an aggravated felony, of a theft offense under the INA. So you're arguing the categorical approach would apply? The modified categorical approach. Right. The problem is, if the court is to engage in that analysis, the court necessarily needs to look to 484A. Okay, so you're not reliant solely on 487D as- No, I don't believe we can, because this court in Martinez-Perez did rely on 487, but subsequently in Carrillo-Jaime, the court looked to 484A, which provides for the definition of a theft offense, that informs 487D. So I do think that the court is going to have to look, if the court is to reach the 487 question, is going to have to look at 484 and 487 together. And therein lies the rub with Rendon. If the court is going to look at 484, Rendon arguably finds that 484 is not divisible. So is that how the California courts look at a prosecution under 487? Do the California courts also apply 484? Yes, the California courts, this court has repeatedly recognized through its history for the last 15 years that a host of statutes, 487, 666, and a couple of others tie into 484. Okay, so could you give us a Ninth Circuit case that incorporates the California reliance on 484 when prosecuting under 487, just so that we have that? What's the most recent Ninth Circuit case that recognizes that procedure in California? Sure, Martinez-Perez v. Gonzalez, I believe it's a 2005 or 2007 case, Ramirez-Villalpando. Martinez-Perez v. Gonzalez, do you have a cite for that? Yes, Your Honor. 417, F3rd, 1022. All right, thank you. As well as Ramirez-Villalpando. That's under 47A, a different subdivision, a subsection of 47, but it's- Well, I was looking for 47D, since that's the one that- That is Martinez-Perez. All right. Well, actually, Your Honor, there is no 47D case. Martinez-Perez is 47C. Ramirez-Villalpando is 47A. Okay, so you don't have a case that- Under 47D, specifically theft of automobile, the Ninth Circuit case, I don't believe. I'd be happy to submit it to the court. It may even be cited in a brief with regard to state law, but I believe there's no question that 484 informs 487. And if the court's going to engage in this analysis, I'll respond to defense counsel's point. Unlawfully take is the language that's used to charge here. 484A provides for steal, take, carry, lead, or drive away. That is the only portion of 484 in which the term take appears. Carrillo-Jaime itself, which is the case that defendant champions, provides that false pretenses, theft by false pretenses, does not require that the defendant take the property. So it's submitted to you here that the judicially noticeable documents in the record under the modified categorical approach support that it's a theft, that defendant was convicted of theft by larceny. Defendant relies on California Penal Code 952, which is a general pleading statute with regard to the term unlawfully take. First, I would note that 484 is the provision that is incorporated into 487, and that 484 is what this court has, in many, many published and unpublished cases, looked to to inform its analysis of a variety of statutes. In fact, this court has not once in its history cited to California Penal Code 952 or to the 1931 or to the 1952 California case Fuchs and Reed to inform its analysis of theft offenses. So if we were to look at 484, as you advocate, would you say that that statute is indivisible or divisible? It's a very difficult question for me to answer right now. I would have said, as this court found in Luna Magdaleno just a few months ago, the statute's divisible. It provides for four alternative ways for a defendant to be convicted using the disjunctive or in between them. It can be larceny, it can be embezzlement, it can be false pretenses, it can be theft to obtain credit. However, the Rendon case makes that a difficult point to make. Although I would note for the court that I believe Rendon is inconsistent with footnote two and de comp in which Justice Kagan expressly disavowed the analysis in Rendon. It's arguably inconsistent with Nijuan and Shepard in which the underlying statutes of conviction arguably are susceptible to the same analysis in Rendon. And it is certainly inconsistent with Coronado versus Holder, which is a case decided on July 18th, about a month ago by this court, in which this court found California Health and Safety Code 11377 to be divisible. Despite that, it is subject to the same jury unit in the problem that Rendon relied on to reach its conclusion. And there are at least five other cases that I found last night that I believe Rendon conflicts with. So- Do I hear a petition for rehearing and bank on the way? Your Honor, as Your Honor knows, only the Solicitor General can make that call. As much as I wish I could, I am not the Solicitor General, so I take no position on that. Very well. But I just wanted to make the court aware of the current lay of the land here. So, counsel, I'm still a little unclear as to your response to opposing counsel's argument that the information did not charge the defendant with taking a vehicle without the consent. Where is that element satisfied? It's satisfied-so the defendant is charged with willfully and unlawfully driving-oh, excuse me, wrong. That's the vehicle theft. It's charged with willfully and unlawfully taking an automobile. This court-that needs to be informed-that's under 487-by 484. 484 is divided into four separate prongs. The first prong, the larceny prong, the steal, take, carry, lead, or drive away prong, this court has held. And Rivera is the classic definition of larceny. It includes theft without the owner's consent. And it is a match for the general generic definition of a theft offense under the INA. This court has also found that theft by false pretenses, which is, I think, the third way of violating 484, is not a match for the generic definition of a theft offense under the INA. That's Carrillo-Hyman. So if this court were to find that the term take in the information tethers to the larceny prong, the first prong of 484A, it is an aggravated felony. Why would we do that? Why would we determine that it's tethered to A as opposed to any of the other provisions? Because of the term take. Because the term take only appears in 484A in one place, and that's in the larceny prong, which is the first prong. And I can read them if the court wishes. No, you don't have to. I can read. Actually, Counsel, your time has expired. Thank you very much. The case just argued will be submitted for decision.
judges: Gleason, O'SCANNLAIN, RAWLINSON